```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| STEVEN B. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 09-2535-STA/cgc |
| | ) | |
| PARAMOUNT MORTGAGE FUNDING, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING PARAMOUNT MORTGAGE FUNDING'S MOTION TO DISMISS
(DOCKET ENTRY 6)
ORDER GRANTING MOTIONS TO AMEND COMPLAINT
(DOCKET ENTRIES 8 & 9)
AND
ORDER TO ISSUE SERVICE FOR ADAMS & ASSOCIATES FIELD SERVICES

On August 17, 2009, Plaintiff Steven B. Green filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Docket Entry ("D.E." 1.) On September 29, 2009, the Court dismissed Plaintiff's claims against individual Defendants Brooks, Duggins, and Adams under Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997), and 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), as frivolous and for failure to state a claim on which relief can be granted. (D.E. 4.) The Court also directed that service issue for Defendant Paramount Mortgage Funding. (Id.)

On October 21, 2009, Paramount Mortgage Funding filed a motion to dismiss, contending that Plaintiff never worked for Paramount

Mortgage Funding. (D.E. 6.)  Plaintiff responded to the motion to dismiss by filing two motions to amend his complaint to correct the name and address of the defendant to Adams and Associates Field Services, 2506 Mount Moriah Road Ext., Suite 413B, Memphis, TN 38115, and seeking to have service issue for Adams and Associates. (D.E. 8, D.E. 9).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. Riddle v. Egensperger, 266 F.3d 542, 550 (6th Cir. 2001). The traditional standard for assessing a Rule 12(b)(6) motion is as follows:

> "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." [Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2002). We must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003) (reviewing dismissal under Federal Rule of Civil Procedure 12(b)(6)). Further, we hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 . . . (1972), and may not uphold the dismissal of such a pleading "simply because [we] find[] the plaintiff's allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 33 . . . (1992).

Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (alterations in original); see also League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) ("The court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine

whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief."). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." League v. United Latin Am. Citizens, 500 F.3d at 527.

Shortly after the Sixth Circuit's decision in Thomas, the Supreme Court issued two opinions addressing the amount of factual detail required in a complaint. In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), an antitrust case, the Supreme Court discussed the pleading standard for assessing a claim under § 1 of the Sherman Act:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (citations and footnote omitted); see also id. at 1965 n.3 ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim' . . ., Rule 8(a)(2)

3

still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.") (emphasis omitted).[1]

Two weeks later, in Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007) (per curiam), the Supreme Court vacated the dismissal of a lawsuit brought by a prisoner who alleged that he had received inadequate medical treatment. The Supreme Court emphasized the liberal pleading standard of Fed. R. Civ. P. 8(a)(2), id. at 2200, and the Plaintiff's pro se status, id.

The Sixth Circuit has stated that "[w]e read the Twombly and Erickson decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim." Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008). In a footnote, the Sixth Circuit explained:

> We have previously "noted some uncertainty concerning the scope of" Twombly. Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 337 n.4 (6th Cir. 2007). In particular, we have taken note of the Second Circuit's interpretation of Twombly as enacting a "plausibility standard [which] did not significantly alter notice pleading or impose heightened requirements for all federal claims[, and] [i]nstead, . . . require[d] more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." Weisbarth v. Geauga Park Dist., 499 F.3d 538, 542 (6th Cir. 2007) (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)).

---

[1] The Supreme Court did disavow the "no set of facts" language from Conley v. Gibson that the Sixth Circuit cited with approval in Thomas. See 127 S. Ct. at 1968-69.

Id. at 296 n.1 (alterations in original); see also United States v. Ford Motor Co., 532 F.3d 496, 503 n.6 (6th Cir. 2008) ("In Erickson v. Pardus . . . , the Supreme Court clarified Twombly by holding that a prisoner bringing a § 1983 claim against his captor is not required to state '[s]pecific facts' in their [sic] complaint . . . , and Twombly itself suggests that its holding may be limited to cases likely to produce 'sprawling, costly, and hugely time-consuming' litigation.") (citation omitted).

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A person aggrieved by such discrimination may bring a civil against against the "employer." 42 U.S.C. § 2000e-5(b). For purposes of Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. §2000e(b).

Plaintiff responded to the motion to dismiss seeking to amend his complaint "with the correct address and the correct owner." (D.E. 8.) Plaintiff Green has not presented any fact, affidavit, or record demonstrating the existence of an employer-employee relationship with Paramount Mortgage Funding. See 42 U.S.C. §2000e-2; McQueen v. Equinoz Intern. Corp, 36 Fed. Appx. 555 (6th Cir. 2002)(citing Fields v. Hallsville Independent School District,

5

906 F.2d 1017, 1020 (5th Cir. 1990).  The record is devoid of any fact establishing that Green was was employed by Paramount Mortgage Funding.  The motion to dismiss filed by Paramount Mortgage Funding (D.E. 6) is GRANTED. The Clerk shall terminate Paramount Mortgage Funding as a defendant in this case.

The Court grants Plaintiff's motions to amend his complaint (D.E. 8, D.E. 9) to allege that Adams and Associates Field Services with an address of 2506 Mount Moriah Road Ext., Suite 413B, Memphis, TN 38115, is the proper defendant.[2] The Clerk is directed to add Adams and Associates Field Services to the docket as a defendant.

The Clerk is ORDERED to issue process for Adams and Associates Field Services and deliver that process to the marshal for service. Service shall be made on Defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(h)(1) and Tenn. R. Civ. P. 4.04(4) if mail service is not effective.

It is ORDERED that the Plaintiff shall serve a copy of every further document filed in this cause on the attorney for Defendant, or on Defendant if it has no attorney.  Plaintiff shall make a certificate of service on every document filed.  Plaintiff shall promptly notify the Clerk of any change of address or

---

[2] The Court will address the timeliness of Plaintiff's motion, as well as timeliness of service on that defendant, following any responsive pleading.

whereabouts.  Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

       IT IS SO ORDERED this 4th day of August, 2010.

                                **s/ S. Thomas Anderson**
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE